**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Respondent, )<br>)<br>vs. )<br>)<br>JAMES LEE SHAW, )<br>)<br>Defendant-Movant. ) | Case No. CR-00-155-M<br>(CIV-05-732-M) |

**ORDER**

Defendant-Movant James Lee Shaw ("Shaw"), a federal prisoner, filed, pursuant to 28 U.S.C. § 2255, a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 24, 2005. On July 12, 2005, plaintiff-respondent United States of America filed a Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

On November 28, 2000, Shaw was charged in a multi-count superceding indictment alleging various violations related to his involvement in drug trafficking. In particular, he was charged with: conspiracy to manufacture and distribute methamphetamine (Count 1), maintaining a place for the purpose of manufacturing, distributing and using methamphetamine (Count 5), manufacturing methamphetamine (Count 8) and possessing equipment used to manufacture methamphetamine (Count 9).

On January 26, 2001, pursuant to a plea agreement, Shaw entered a guilty plea to Count 5 of the Superceding Indictment. As part of his plea agreement, Shaw waived his right to appeal or collaterally challenge his sentence and conviction. Following completion of the presentence report (PSR), Shaw lodged objections to it. On April 25, 2001, Shaw was sentenced after an evidentiary hearing regarding his objections. The Court imposed a sentence of 240 months for the single count.

Shaw did not appeal his sentence to the Tenth Circuit, Shaw now collaterally challenges his sentence on the basis that it was unconstitutionally increased in violation of the Sixth Amendment.

In his § 2255 motion, Shaw asserts (1) his sentence was improperly enhanced pursuant to the Federal Sentencing Guidelines under facts found by the Court which were neither admitted by him nor found beyond a reasonable doubt; (2) the one year statute of limitations is met; and (3) he must be re-sentenced in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> \*   \*   \*
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255.

In the case at bar, the Court entered an amended judgment on May 10, 2001, and Shaw did not pursue a direct appeal. As such, his conviction and sentence became final following the ten day window to appeal his case to the Tenth Circuit, or May 20, 2001. *See* Fed. R. App. P. 4(b)(1)(a). Additionally, the Tenth Circuit has held that *Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005. *United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005). Accordingly, the Court finds that Shaw's case became "final" more than four (4) years prior to the filing of the instant motion and approximately three and a half (3½)

years prior to *Booker*. As such, the Court finds that the instant motion should be denied as untimely.

For the reasons set forth above, the Court DENIES Shaw's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 24th day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE